UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARIBEL GARCIA,

Plaintiff,

v. Case No: 8:25-cv-02392-JLB-LSG

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

# ORDER

Plaintiff Claribel Garcia appeals the Commissioner of the Social Security Administration's final decision denying her applications for Disability Insurance Benefits ("DIB") for lack of disability. (Doc. 1 at ¶ 8; Doc. 12-2 at 48–49). The Magistrate Judge issued a Report and Recommendation (the "Report"), recommending that the Court affirm the Commissioner's decision. (Doc. 28). Plaintiff filed an objection (Doc. 29) to the Report, and the Commissioner responded (Doc. 32).

Upon careful review of the entire record, including all parties' briefing and the Report, the Court **ADOPTS** the Report (Doc. 28), **OVERRULES** the objection (Doc. 29), and affirms the Commissioner's decision.

## LEGAL STANDARD

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

In this Social Security appeal, the Court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the administrative law judge ("ALJ"). *Id.* Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## DISCUSSION

Because the Magistrate Judge thoroughly and accurately discussed the facts of this case in her Report, the Court will not repeat them here. (*See* Doc. 28).

An individual claiming Social Security DIB must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To evaluate whether an individual is disabled, the Social Security Administration's regulations require ALJs to use a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a).

During the Social Security Administration's review process, the ALJ must consider evidence from medical sources. *See* 20 C.F.R. § 404.1520c. As to each medical source, the ALJ must consider the factors of (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* § 404.1520c(c). While the ALJ must consider these five factors, the ALJ is required to discuss only supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability" means the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical source's opinions, the more persuasive the medical opinions will be. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). And "consistency" means that the more consistent a medical opinion is with the evidence from other medical sources, the more persuasive the medical opinion will be. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

In Plaintiff's case, the ALJ considered a 2023 functional capacity evaluation authored by SRO Consulting and Rehabilitation ("SRO") specialists S. Rob Oyer,

ME, Med, and Sean McCue, MPT. (Doc. 12-2 at 42–43; Doc. 12-7 at 575–596). SRO's evaluation determined that Plaintiff demonstrated a residual functional capacity for less than sedentary work. (Doc. 12-7 at 575–76). While the ALJ found the SRO evaluation's assessment of Plaintiff's physical functioning "generally persuasive," the ALJ found the SRO evaluation "minimally persuasive" as to Plaintiff's ability to sit only occasionally. (Doc. 12-2 at 42).

The Plaintiff argues on appeal that the ALJ failed to evaluate the SRO evaluation's medical opinion properly. And, the ALJ instead engaged in "improper picking and choosing to support a finding of nondisability." (Doc. 18 at 9 (citing *Dicks v. Colvin*, No. 3:15-cv-934-J-MCR, 2016 WL 4927637, at *4 (M.D. Fla. Sep. 16, 2016)).

Here, the Magistrate Judge properly concluded that the ALJ "considered [Plaintiff's] medical condition as a whole and found that, as to [Plaintiff's] ability to sit for long periods, SRO's report lacked supportability and lacked consistency with the medical record. Even if, as [Plaintiff] suggests, the evidence preponderates against the ALJ's consistency finding, this Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner." (Doc. 28 at 10) (citing *Moore*, 405 F.3d at 1213).

Plaintiff claims that the Magistrate Judge "erred in concluding that the ALJ properly evaluated the medical source opinion evidence" because "[the Report and Recommendation] does not account for the extensive evidence in the record which the ALJ does not address in the consistency analysis." (Doc. 29 at 3). In support of

Plaintiff's argument, she cites evidence from the record that would support a finding of disability, which she claims the ALJ did not discuss in the ALJ's consistency analysis. (*Compare id.* at 2–3 *with* Doc. 12-2 at 42–46).

Plaintiff's objection is due to be overruled because the ALJ's evaluation was "supported by substantial evidence and based on proper legal standards." *Winschel*, 631 F.3d at 1178. The Magistrate Judge properly addressed whether the ALJ's discussion of consistency and supportability was supported by substantial evidence, and the Court adopts the Magistrate Judge's assessment. (*See* Doc. 28). The only issue relevant to Plaintiff's objection is whether the ALJ was also required to address the evidence cited by Plaintiff in the ALJ's analysis of the consistency factor. (*See* Doc. 29 at 3–5).

The ALJ was not obligated to do so. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). There is no requirement that an ALJ refer to every piece of evidence in her decision, so long as her decision is not a broad rejection of the claimant's impairments, and the decision enables a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.* And the Magistrate Judge may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]" on appeal. *Winschel*, 631 F.3d at 1178 (citation omitted); *see also Moore*, 405 F.3d at 1213 ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of

our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner even if the evidence preponderates against the decision." (cleaned up)). Thus, Plaintiff's objection fails because the ALJ did not broadly reject Plaintiff's impairments but instead engaged in a reasoned consideration of them. (*See* Doc. 12-2 at 42–43; Doc. 28 at 7–10).

Plaintiff cites *Dicks v. Colvin* in support of her position, but that case is distinguishable. (Doc. 29 at 5 (citing *Dicks*, 2016 WL 4927637, at *4). In *Dicks*, an ALJ found a treating physician's opinion unpersuasive because the ALJ concluded that the physician's opinions were unsupported by his own treatment notes. *Dicks*, 2016 WL 4927637, at *4. The court reversed the Commissioner's decision because the "ALJ failed to articulate good cause for discounting" the physician's opinion and noted that the ALJ had "cherry-pick[ed] facts" from the physician's report to discredit it. *Id.*

Here, however, the ALJ had substantial evidence and explanations to support her conclusions, as discussed by the Magistrate Judge. (*See* Doc. 28 at 7–10). Moreover, *Dicks* turned on the ALJ's failure to properly explain "good cause" for her non-compliance with the "treating-physician rule," which has since been abolished by the Social Security Administration. *Compare* 20 C.F.R. § 404.1527(c)(2) *with* 20 C.F.R. § 404.1520(c)(a); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 897 (11th Cir. 2022) (noting the elimination of the treating-physician rule). Thus, the legal issue there was different than here as well.

In any case, the Court may not reweigh evidence or substitute its judgment for that of the Commissioner. *Winschel*, 631 F.3d at 1178 (citation omitted). Thus, the Commissioner's decision is due to be affirmed.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (Doc. 28) is **ADOPTED** and made a part of this Order for all purposes.
2. Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge (Doc. 29) is **OVERRULED**.
3. The decision of the Commissioner is **AFFIRMED**.
4. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and against Plaintiff, terminate any pending motions and deadlines, and close the file.

**IT IS SO ORDERED** in Tampa, Florida, on August 28, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE